# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

SANTIAGO VILLASENOR
PONCE,[1]

        Petitioner,

    v.

DIRECTOR OF CINCINNATI
FIELD OFFICE, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

        Respondents.

Case No. 1:25-cv-844

JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER[2]

U.S. Immigration and Customs Enforcement (ICE) is currently detaining Petitioner Santiago Villasenor Ponce, a Mexican citizen, (Doc. 9-2, #138), pending removal proceedings. Villasenor Ponce filed a Petition for Writ of Habeas Corpus (Doc. 2), requesting that the Court order his release. Villasenor Ponce asserts that ICE is detaining him under 8 U.S.C. § 1225(b)(2), which mandates detention, when instead 8 U.S.C. § 1226(a), which provides for discretionary detention, governs. (Doc. 2, #12–13). This Court recently addressed this precise question of statutory interpretation in *Coronado v. Secretary, Department of Homeland Security*, No. 1:25-

---

[1] The docket lists Petitioner's name as "Santiago Villaseor Ponce," but it appears from Petitioner's briefing that the correct spelling is Villasenor Ponce, so that is what the Court uses in this Order.

[2] In addition to its statutory argument, the government contends that this Court lacks jurisdiction over the Petition, and that Villasenor Ponce must first exhaust his administrative remedies. (Doc. 9, #106–14). For the reasons explained in *Coronado*, the Court rejects both arguments. 2025 WL 3628229, at *2–6, 13.

cv-831, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025), and further explained its reasoning in *Masis Lucero v. Field Office Director of Enforcement and Removal Operations*, No. 1:25-cv-823, 2025 WL 3718730 (S.D. Ohio Dec. 23, 2025). It has since adopted that same position in various additional petitions raising that same issue. Like the petitioners in all of those cases, Villasenor Ponce entered the United States without admission or inspection. (*See* Doc. 2, #13; Doc. 9, #105; Doc 9-1, #135). Thus, for the reasons more fully explained in *Coronado* and *Lucero*, the Court finds that Villasenor Ponce is an "applicant for admission" and falls under the purview of § 1225(b)(2).

Next, Villasenor Ponce contends that his detention violates the Fifth Amendment's guarantee of procedural due process. As this Court has already explained, it "certainly agrees with [Villasenor Ponce] that noncitizens are entitled to due process protections in removal proceedings." *Coronado*, 2025 WL 3628229, at *12 (citing *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam)). But as the Court also noted, the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003), which involved a due process challenge to an analogous provision of the INA, rejected the notion that detention pending removal proceedings violates due process because such detention has "a definitive end-point—the end of the removal proceedings." *Coronado*, 2025 WL 3628229, at *12. Likewise, the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), rejected the "Ninth Circuit's imposition of a six-month limit on mandatory detention under § 1225(b)." *Id.* In so doing, the Supreme Court "concluded that deportable aliens can be detained through the pendency of

2

removal proceedings with no suggestion that such detention runs afoul of the Due Process Clause." *Masis Lucero*, 2025 WL 3718730, at *6.

True, "[i]f the resulting detention were to become unreasonably long, due process concerns may emerge." *Id.* But, consistent with the authorities cited above, the Sixth Circuit's precedent on due process in the removal context suggests that this is something of a high bar. At one time, the Sixth Circuit held that detentions under § 1226(c) (the analogous INA provision at issue in *Demore*) were subject to due process reasonableness constraints where removal was not "reasonably foreseeable." *See Ly v. Hansen*, 351 F.3d 263, 273 (6th Cir. 2003) ("[W]hen actual removal is not reasonably foreseeable, criminal aliens may not be detained beyond a reasonable period required to conclude removability proceedings without a government showing of a 'strong special justification.'"). But more recently, in *Hamama v. Adducci*, the Sixth Circuit explained that "*Ly* did not survive *Jennings*." 946 F.3d 875, 879 (6th Cir. 2020). The Sixth Circuit also explained why that was the case in language that strikes the Court as applicable here.

To see why that is so, start with the district court decision in *Adducci*. That case presented the question of what time limits, if any, applied to detention under "§§ 1225(b) and 1226(a), (c)." *Adducci*, 946 F.3d at 877. The district court noted that *Zadvydas v. Davis*, 533 U.S. 678 (2001), had applied a six-month time limit to detention under 8 U.S.C. § 1231 (which applies to detention in the post-removal order context). And it concluded that this same limit should apply to the other statutory provisions—including as relevant here § 1225(b). *Adducci*, 946 F.3d at 877. In

3

*Adducci,* some of the class members had been detained for "a year and a half before the district court issued its injunction." *Id.* at 882 (White, J., concurring in the judgment). So the district court responded by "presumptively requir[ing] the government to release" certain class members "once the government ha[d] detained them for six months, no matter the statutory authority under which they were held." *Id.* at 876 (majority opinion). In sum, then, the district court required, on due process grounds, the release of detainees after six months under the very provision at issue in this case, among others. *Id.*

The Sixth Circuit disagreed. After explaining that the district court lacked jurisdiction to enter such an injunction, *id.* at 877–78, the Sixth Circuit also noted that "*Jennings* restored the constitutional distinction between pre- and post-removal order detention that *Ly* collapsed," *id.* at 879. And that was in part because "§ 1225(b), unlike § 1231(a)(6) [the provision at issue in *Zadvydas*], provides for detention for a specified period of time." *Id.* at 880 (cleaned up) (quoting *Jennings*, 583 U.S. at 299). Thus, while *Jennings* holds open the possibility of a due process challenge to detention pending removal proceedings, 583 U.S. at 314, *Jennings* itself and *Adducci* strongly suggest that the length of Villasenor Ponce's detention—which, at this point, clocks in at around five months, (*see* Doc. 2, #3)—does not offend due process. So the Court reject's Villasenor Ponce's duration-based constitutional claim.

Finally, Villasenor Ponce contends that his detention violates substantive due process. He asserts that he possesses a liberty interest in being free "from physical restraint." (Doc. 2, #19). This Court agrees, as does the Supreme Court. *See Zadvydas,*

4

533 U.S. at 690. But the Court's agreement extends no further. Villasenor Ponce contends that because his liberty interest is "fundamental," his detention must satisfy strict scrutiny. (Doc. 2, #19). Not so. "In immigration cases … federal courts apply a much more deferential standard of review to substantive due process challenges even where the immigration law interferes with a plaintiff's fundamental rights." *Bangura v. Hansen*, 434 F.3d 487, 494–95 (6th Cir. 2006) (citing *Fiallo v. Bell*, 430 U.S. 787, 798–99 (1977)). As a result, the Sixth Circuit "upholds immigration statutes so long as they are 'conceivably related to the achievement of a federal interest.'" *Id.* at 495 (quoting *Almario v. Att'y Gen.*, 872 F.2d 147, 152 (6th Cir. 1989)). "This standard may be even *lower* than *rational basis review*," *id.* (emphases added) (citing *Fiallo*, 430 at 798–99), which will invalidate a statute only if the government's chosen means are "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational," *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 694 (6th Cir. 2014) (quoting *Michael v. Ghee*, 498 F.3d 372, 379 (6th Cir. 2007)). There is no doubt that Villasenor Ponce's detention is "conceivably related" to a federal interest—enforcing the country's immigration laws. *Bangura*, 434 F.3d at 495. And to the extent that he argues that his detention is justified "merely" by "a spurious legal argument," (Doc. 2, #19), (i.e., the statutory analysis the Court laid out in *Coronado* and *Masis Lucero*), the Court disagrees for the reasons it explained in those decisions.

5

Accordingly, the Court will **DISMISS WITHOUT PREJUDICE** the Petition (Doc. 2).[3]

Although the Court dismisses the Petition, it pauses to note yet again that the Court expresses no opinion on the wisdom of mandatory detention in this context. The ongoing deluge of petitions that have inundated federal courts across the country on this topic in recent months highlight the very real personal costs that mandatory detention imposes not only on the detainee, but also on their family members and loved ones. Then there are the accompanying societal costs, both the direct costs of the detention itself, and the indirect costs arising from sidelining those who might otherwise be productive members of society. At the same time, the Court is also mindful that, once released, it is always possible that a person not lawfully present in the country (especially if facing a substantial likelihood of removal) may decline to appear for future removal proceedings. And at least some of the detained persons may have committed crimes in the countries from which they came, a topic on which it may be difficult to obtain information in this country. If it is difficult to predict who will appear and who will not, or to accurately assess what dangers they pose in the interim, then perhaps there may be reasons to believe that mandatory detention pending a removal determination is appropriate.

---

[3] The Court dismisses without prejudice in the event that Petitioner wishes to pursue relief as a potential class member in *Bautista v. Santacruz*, No. 5:25-cv-1873, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). Should he elect that course, though, he should seek relief in that court, not this one.

But that is the point. Congress, not this Court, is the body tasked with navigating the various competing concerns and articulating the appropriate path forward. And, at least in this Court's view, Congress has done so in the plain language of § 1225, and it remains free to amend that language if it wishes.

That said, Congress's chosen path must also comply, of course, with the Constitution. And for the reasons explained above, the Court notes that, if Congress mandates detention pending a removal determination (as it has done under § 1225(b)(2)), then the Constitution arguably imposes some obligation on the Executive to ensure that the removal determination occurs in a reasonably prompt fashion. In other words, as noted above, if Villasenor Ponce's pre-removal detention goes on too long, constitutional concerns may well arise. But his current detention is of a limited duration, at least so far, so the constitutional limits on the maximum permissible duration of that detention is a question for another day. Having said that, in connection with dismissing this action, the Court **ORDERS** the government to provide this Court and Villasenor Ponce's counsel in writing, within fourteen (14) days, its best current estimate as to when a determination on the question of Villasenor Ponce's removal will be administratively final. Once the government has provided that information, the Court, as noted above, will dismiss this petition without prejudice. Additionally, the Court urges the government to take heed of Villasenor Ponce's asserted medical conditions.[4] (*See* Doc. 2, #3). While he is in the

---

[4] At this juncture, Petitioner has not sought relief based on any of his medical conditions, so the issues here do not raise that question. As a general matter, though, concerns about medical treatment must be raised through 42 U.S.C. § 1983.

government's care, the government has an obligation to ensure that Villasenor Ponce receives the care he needs.

**SO ORDERED.**

March 9, 2026
 **DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

8