**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SANTIAGO VILLASENOR PONCE,[1]**

**Petitioner,**

**v.**

**DIRECTOR OF CINCINNATI FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,**

**Respondents.**

**Case No. 1:25-cv-844**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

**ORDER**

U.S. Immigration and Customs Enforcement (ICE) is currently detaining Petitioner Santiago Villasenor Ponce, a Mexican citizen, (Not. to Appear, Doc. 9-2, #138), pending removal proceedings. Villasenor Ponce filed a Petition for Writ of Habeas Corpus (Doc. 2), requesting that the Court order his release. The petition asserted that ICE is detaining him under 8 U.S.C. § 1225(b)(2), which mandates detention, when instead 8 U.S.C. § 1226(a), which provides for discretionary detention, governs. (Doc. 2, #12–13). The petition also asserted that the detention violates Villasenor Ponce's due process rights. (*Id.* at #17–19).

On March 9, 2026, the Court, consistent with its earlier opinion in *Coronado v. Secretary, Department of Homeland Security*, No. 1:25-cv-831, 2025 WL 3628229

[1] The docket lists Petitioner's name as "Santiago Villaseor Ponce," but it appears from Petitioner's briefing that the correct spelling is Villasenor Ponce, so that is what the Court uses in this Order.

(S.D. Ohio Dec. 15, 2025), disagreed on both fronts, (Order, Doc. 12). Accordingly, after the government provided some additional information about the date on which Villasenor Ponce's administrative removal proceedings would be final, the Court dismissed the matter without prejudice. (*See id.*; 4/1/26 Not. Order).

But things have changed a bit since then. Most importantly, the Sixth Circuit has since held in a reported decision that "an 'applicant for admission' is not necessarily 'seeking admission,'" within the meaning of § 1225(b)(2)(A). *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026). And that means petitioners like Villasenor Ponce fall outside § 1225(b)(2)(A)'s mandatory detention scheme. Beyond that, the Sixth Circuit also concluded that aliens who entered the United States without inspection, but who have spent "significant time … within the interior of the United States," have a due process right to an individualized bond hearing. *Id.* at 734. Citing *Lopez-Campos*, Villasenor Ponce has now filed a Motion for Reconsideration (Doc. 18). The government has declined to timely respond to that motion.

While Villasenor Ponce does not bother citing the rule under which he seeks reconsideration, the Court assumes that he seeks relief under Federal Rule of Civil Procedure 60(b)(6), which allows the Court to reopen and change a judgment for "any other reason that justifies relief." The Supreme Court has recently confirmed, though, that this rule "should only be applied in 'extraordinary circumstances.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). And "[i]ntervening developments in the

law by themselves rarely constitute the extraordinary circumstances for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). So his request for relief is off to something of a rocky start.

That said, the Court concludes that relief is warranted here. After all, the Court dismissed the matter without prejudice, meaning that Villasenor Ponce could simply refile a new action. In light of the Sixth Circuit directly addressing, and rejecting, the statutory interpretation on which this Court relied in denying him relief, the Court sees little purpose served in having him jump through those hoops. According to *Lopez-Campos*, although Villasenor Ponce is an "applicant for admission" within the meaning of the Immigration Nationality Act, *see* 8 U.S.C. § 1225(a)(1), that alone does not mean he is "seeking admission." 175 F.4th at 732. As a result, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to him. *Id.* And because "§ 1226 applies to aliens already present in the United States," Villasenor Ponce is detained under § 1226. *Id.* (citation omitted). Under that provision, the Attorney General may "continue to detain" an "arrested alien," or "may release" the alien on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). Consistent with that, aliens detained under § 1226(a) have a right to request a bond hearing before an Immigration Judge. *See* 8 C.F.R. §§ 1003.19(a), 1236.1(c)(8), (d)(1). *Lopez-Campos* thus makes clear that Villasenor Ponce is entitled to a bond hearing.[2]

[2] The government perhaps could have tried to argue that the Sixth Circuit has yet to issue the mandate in *Lopez-Campos*, and that the Court thus should not rely on it for purposes of upsetting previously entered judgments like the one here. But three problems with that. First, the government did not press that (or any other) argument. Second, it is not at all clear

Because the Court finds Villasenor Ponce's statutory claim dispositive, it does not reach his due process arguments.

Accordingly, the Court finds extraordinary circumstances exist here, and thus the Court **GRANTS** Villasenor Ponce's Motion for Reconsideration (Doc. 18). Consistent with that, the Court **ORDERS** Respondents either to either release Villasenor Ponce, or to provide him with a bond hearing, by July 7, 2026.

**SO ORDERED.**

June 26, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

that the argument works. Reported circuit court opinions are typically considered binding precedent, once issued. Finally, as noted above, because the Court dismissed this matter without prejudice, Villasenor Ponce is free to refile, at which time the Court would necessarily take *Lopez-Campos* into account in assessing the correct path forward for the case. So no matter how you slice it, *Lopez-Campos* will ultimately govern on the question of whether Villasenor Ponce is entitled to a bond hearing.