**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SANTIAGO VILLASENOR PONCE,**[1]

**Petitioner,**

**v.**

**DIRECTOR OF CINCINNATI FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,**

**Respondents.**

**Case No. 1:25-cv-844**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

**ORDER**

On June 26, 2026, the Court granted Petitioner's unopposed motion for reconsideration based on the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). (Doc. 19). Specifically, the Court ordered that the government either release Petitioner or provide him with a bond hearing by July 7, 2026. (*Id.* at #197).

Three days later, the government filed a status report to "certify compliance" with the Court's order. (Doc. 20, #198). That report explained that the government had arranged a bond hearing for Petitioner on May 22, 2026—i.e., ten days after Petitioner's motion for reconsideration, which was filed on May 12, 2026, and almost a month before the Court's June 26 order. (*Id.*). At the May 22 hearing, an

[1] The docket lists Petitioner's name as "Santiago Villaseor Ponce," but it appears from Petitioner's briefing that the correct spelling is Villasenor Ponce, so that is what the Court uses in this order.

Immigration Judge (IJ) denied Petitioner's bond request because the IJ determined that Petitioner is a flight risk.[2] (*Id.* at #199; *see* Doc. 20-1; Doc. 20-2). Petitioner has appealed the IJ's bond order. (*See* Doc. 20, #199; Doc. 20-3, #208). The parties have provided no updates on the status of that appeal.

On July 1, 2026, Petitioner filed what he styled a "Response to Government's Position on New Bond Hearing." (Doc. 21). In full, that response reads:

> Petitioner, Santiago Villasenor Ponce ("Petitioner"), hereby submits this response to the respondent's position that the petitioner has already been provided with a bond hearing on May 22, 2026, in which the immigration judge denied bond based upon being a flight risk. That bond decision is now on appeal with the Board of Immigration Appeals. The petitioner opposes the government's position, as this bond hearing occurred before the judge's order to provide a neutral and fair bond hearing. The judge ordered a specific process to be followed, and the respondents should follow the judge's order. If the respondents feel burdened by the process of providing another bond hearing to the petitioner by July 7, 2026, the respondents are free to release the petitioner.

(*Id.* at #211).

About a week later, Petitioner filed a Motion to Enforce (Doc. 22). There, Petitioner takes the view that, because he did not receive a *second* bond hearing by July 7, 2026, the Court should order Petitioner's immediate release. (*Id.* at #213).

The government filed a response the next day, on July 9, 2026. (Doc. 24). The response acknowledges that the government "should have informed this Court of the May 22, 2026 bond denial." (*Id.* at #219). But the government nonetheless adheres to its view that it complied with the Court's order, and that Petitioner is not entitled to

[2] Additionally, it appears that Petitioner was ordered removed to Mexico on April 10, 2026, and that his application for cancellation of removal and post-conclusion voluntary departure was denied. (*See* Doc. 20, #199; Doc. 20-2, #206).

a second bond hearing. (*Id.* at #221). It also contends that the Court should deny Petitioner's motion to enforce judgment as moot. (*Id.*).

The Court starts by noting its frustration with both counsel in terms of keeping the Court informed about relevant events. Petitioner's counsel should have withdrawn the May 12, 2026, motion for reconsideration once Petitioner was granted his May 22, 2026, bond hearing. And, as the government acknowledges, it should have informed the Court of its compliance with the Sixth Circuit's decision in *Lopez-Campos* in response to Petitioner's motion for reconsideration. (Doc. 24, #219). Had the Court been aware of the May 22 hearing, it would have denied the motion for reconsideration as moot. (*Cf.* Order, *Henrique Arantes v. Acting Field Off. Dir. of Enf't & Removal Operations.*, No. 1:26-cv-424 (S.D. Ohio June 23, 2026), Doc. 7 (dismissing petition for habeas corpus as moot on government's certification of compliance with *Lopez-Campos*)). Instead, the Court unnecessarily expended judicial resources to order relief that Petitioner had already received. And now, Petitioner attempts to further use the parties' failure to keep the Court informed as a basis for obtaining a second bite at the apple.

The Court declines that request. To the extent Petitioner objects to the bond hearing he received, his relief lies in the administrative appeal that he appears to be pursuing. (*See* Doc. 20-3). Accordingly, the Court **DENIES** Petitioner's Motion to Enforce (Doc. 22). And with that, this case is closed.

**SO ORDERED.**

August 5, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**